IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**SHEIKH OMAR ABDUL RAHMAN and**
**DAVID ROTHROCK,**

        **Plaintiffs,**

v.                                         **Civil Action No. 2:14cv46**
                                                   **(Judge Bailey)**

**KHALED SHEIKH MOHAMMED,**

        **Defendant.**

**REPORT AND RECOMMENDATION THAT THIS ACTION BE DISMISSED**
**AND A PRE-FILING INJUNCTION BE ISSUED**

On this day, the above-styled matter came before the Court for consideration of the Bivens[1] civil rights complaint[2] filed by the *pro se* plaintiff, David Rothrock ("Rothrock"), an inmate incarcerated at the Benner Township Prison in Bellefonte, Pennsylvania.

A review of the file shows that Rothrock initiated this case on June 23, 2014. Pursuant to a Notice of Deficient Pleading, the Clerk directed the plaintiff to file his complaint on a court-approved form, and either pay a filing fee of $400.00 or file an application to proceed *in forma pauperis* ("IFP"), a signed Consent to Collection, and a copy of his Prison Trust Account with its ledger sheets, so that the Court could appropriately assess his ability to proceed as a pauper. The plaintiff was further advised that he had twenty-one days, or until July 14, 2014, to comply or risk dismissal of his case. Though eight weeks have passed since the date on which the plaintiff was first directed to correct his deficiencies, plaintiff has never responded to the deficiency notice, requested an extension of time to do so, or otherwise ever explained his failure to comply.

---

[1] Bivens v. Six Unknown Named Agents, 403 U.S. 388 (1971).

[2] While the complaint is titled Emergency Preliminary Injunction Temporary Restraining Order Bivens Action [sic], it is merely a motion for a temporary restraining order. The Clerk docketed it both as a complaint (Dkt.# 1) and a motion, before issuing the deficiency notice. (Dkt.# 2).

The docket reflects that the return receipt shows delivery of the deficiency notice was effectuated on June 26, 2014. (Dkt.# 5).

Accordingly, on July 21, 2014, a Show Cause Order was issued, advising the plaintiff that he had fourteen days, or until August 4, 2014, in which to explain why his case should not be dismissed for the failure to prosecute. Plaintiff was advised that the failure to do so in the allotted time could result in the dismissal of his case. The docket reflects that the return receipt showing delivery of the Show Cause Order was dated July 23, 2014. (Dkt.# 7). Plaintiff has not responded.

Mr. Rothrock is a Pennsylvania state prisoner who has been confined for many years. The instant case is the second of three filed by him in this district in the month of June, 2014. There is no indication from his pleadings that Rothrock has any legitimate basis for filing a lawsuit here in the Northern District of West Virginia. A PACER search conducted on today's date, done without inputting any "Nature of Suit" ("NOS") shows that, including the cases in this district, in the three months between April 7 – July 7, 2014, Rothrock filed eighteen cases in eleven different districts; thirteen of them have already been dismissed. Usually, although not always, Rothrock files in his name and that of another plaintiff (or two); rarely does he list himself as lead plaintiff. In some districts, he has filed cases in the name of others as plaintiff(s) with himself as a defendant, but the complaints come from the Benner Township Prison where he is incarcerated and are obviously in his own handwriting. Generally, as he has done here, he picks another prisoner from his or another facility, or, more often, also like here, a public figure or entity that is prominent in the media, to be his co-plaintiff and/or defendant(s). It appears that these parties are unaware that suit has been filed in their name. In each case he files, he alleges ludicrously bizarre, nonsense claims that are often lewd, sexual, and very vile. All of his claims

are malicious. Typically, he interweaves facts from his own criminal case into high profile news stories and then scatters his cases in district courts around the country.[3] Further, again as in the instant case, his "complaints" often allege connections with the Mafia, Zionist, anti-Zionist, Al Qaeda, Syrian, Islamic or other groups.

Rothrock usually initiates a case by filing a motion (usually an "emergency" motion) for a preliminary injunction/temporary restraining order, as he did here. Occasionally, he does file an actual complaint. Once Rothrock files, he usually does nothing further with his cases; he never pays the filing fee and only rarely submits an application to proceed as a pauper. Accordingly, while most of his dismissals are for failure to prosecute or for failure to comply with Fed. R. Civ. P 3, by commencing an action by the filing of a complaint, as of the date of the entry of this Order, he is listed in the National *Pro Se* Three-Strikes Database as having accumulated only two strikes.[4]

It appears likely that Rothrock is now being monitored at the facility where he is incarcerated for his abusive litigation tactics, because a previous district sent a copy of its Order dismissing a case Rothrock filed there.[5] In all three cases filed in this district, as Rothrock often does in cases filed elsewhere, he lists other prisoners' names as the sender on the return address of the envelope enclosing his complaints, presumably to avoid further detection of his abusive filings by prison officials.

---

[3] See (D. Ind. Dkt.# 3)(3:14cv1612).

[4] The plaintiff has already accumulated two strikes: Rothrock v. Knox, M.D. Fla. 8:14cv1462, was filed on June 9, 2014 and dismissed on June 20, 2014 as frivolous; and Angelheart v. Heath, *aka* Mr. Olympia, N.D. Ind. 3:14cv1612, was filed on June 5, 2014, and dismissed the following day, June 6, 2014 as frivolous, malicious, and with a pre-filing injunction against future filings.

[5] By Order entered June 6, 2014, the District of Indiana directed its Clerk to send a copy of its dismissal Order to the Warden of the Benner Township Prison, along with a copy of the complaint Rothrock had filed there. (D. Ind. Dkt.# 3)(3:14cv1612).

"Federal courts have both the inherent power and constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." In re McDonald, 489 U.S. 180, 185 n.8 (1989) (*quoting* In re Martin-Trigona, 737 F. 2d 1254, 1261 (2nd Cir. 1984)). A district judge has the power to enjoin frequent litigators from filing frivolous suits. In re Chapman, 328 F.3d 903, 905-06 (7th Cir. 2003). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees – indeed, are not entitled to sue and appeal, period. Abuses of process are not merely not to be subsidized; they are to be sanctioned." Free v. United States, 879 F.2d 1535, 1536 (7th Cir. 1989).

In Safir v. United States Lines, Inc., 792 F.2d 19 (2nd Cir. 1986), the Second Circuit set out a five factor test to apply in determining whether it was appropriate to restrict a litigant:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties. Ultimately, the question the court must answer is whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.

*Id.* at 24. See also Briggs v. Comfort Inn of Washington, 1991 U.S. App. LEXIS 867 *4 (4th Cir. Jan. 18, 1991)(*per curiam*); Tucker v. Scott, 1994 U.S. App. LEXIS 3930 *3-4 (4th Cir. Mar. 2, 1994)(*per curiam*).

Here, restricting Mr. Rothrock is appropriate because he has filed a series of meritless harassing lawsuits. There is no objective basis for believing that he could prevail in any of them. While entry of this Order, deeming him as having finally accrued three strikes is appropriate, even the accrual of a third strike, precluding Rothrock from filing his complaints without paying the full filing fee upfront will be futile, because as a *pro se* prisoner, Rothrock never pays his

filing fees anyway; he merely files cases and then abandons them. Because he is a prisoner with presumably limited financial resources, it is unlikely that a fine would be a meaningful deterrent. See Hoskins v. Dart, 633 F.3d 541, 544 (7th Cir. 2011). As such, a pre-filing injunction is the only way to stop him. These lawsuits are a waste of judicial resources.

Though it is unusual to restrict a litigant after only three filings, Mr. Rothrock is an unusual litigant and it is unnecessary to permit his abusive, delusional filings in this court to escalate further. Therefore he should be restricted from filing any other papers in this court unless and until he is incarcerated in a West Virginia penal facility or he is challenging a federal prosecution or a West Virginia criminal conviction. Cf. Support Sys. Int'l v. Mack, 45 F.3d 185, 186 (7th Cir. 1995) (The restriction imposed by this order does "not impede him from making any filings necessary to protect him from imprisonment or other confinement, but . . . [it does] not let him file any paper in any other suit . . .")

**Recommendation**

Accordingly, for the foregoing reasons, the plaintiff is hereby being given notice and an opportunity to be heard, and is forewarned that the undersigned recommends that the Court take the following action:

(1) DISMISS Sheikh Omar Abdul Rahman and Khaled Sheikh Mohammed;

(2) DISMISS this case pursuant to 28 U.S.C. § 1915A because it is frivolous and malicious;

(3) DISMISS the plaintiff's pending Emergency Motion for Preliminary Injunction/Motion for Temporary Restraining Order as moot (Dkt.# 2);

(4) DIRECT the Clerk of Court to return, unfiled, any papers submitted in any future civil case by or on behalf of David Rothrock (except for a notice of appeal in this case or unless filed from a West Virginia penal facility or in a habeas corpus proceeding);

(5) DIRECT the Clerk to note on the docket of this case any attempted filings in violation of this order; and

(6) DIRECT the Clerk, upon entry of the final Order in this case, to send a copy of this Report and Recommendation and a copy of the final Order to the warden of the Benner Township Prison in Pennsylvania, along with a copy of David Rothrock's filing (Dkt.# 1).

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, **or by September 3, 2014**, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is DIRECTED to transmit a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet.

DATED: August 20, 2014

/s/ James E. Seibert_____
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE